**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL NORMAN, | Case No.: 1:20-cv-00455-DAD-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| JAMES ROBERTSON, | (Doc. 10) |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

On April 1, 2020, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) The Respondent has moved the Court to dismiss the action for lack of jurisdiction. (Doc. 10.) Petitioner filed an opposition on July 13, 2020. (Doc. 11.) Respondent filed a reply on July 20, 2020. (Doc. 13.) The Court recommends that the motion to dismiss be **GRANTED** and the petition be **DISMISSED**.

**DISCUSSION**

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules are applicable "to proceedings for habeas corpus . . .

1

to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously conformed to the practice in civil actions." Fed. R. Civ. P 81(a)(4).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Respondent's motion to dismiss is based on failure to state a cognizable federal claim. Because the motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Failure to State a Cognizable Federal Claim

Petitioner alleges that a prison disciplinary decision violated his due process rights. (See Doc. 1.) Respondent contends that because granting Petitioner relief would not affect the fact or duration of his confinement, the Court lacks jurisdiction. (Docs. 10, 13.)

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Indeed, claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, lie within the "heart of

habeas corpus" and are cognizable only in federal habeas corpus. Preiser, 411 U.S. at 499 n.14.

In Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017), the Ninth Circuit held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. Nettles, 830 F.3d at 927-28; see, e.g., Borstad v. Hartley, 668 Fed.Appx. 696, 697 (9th Cir. 2016) (success on petitioners' claims that the lengthening of intervals between parole hearings caused by Marsy's Law violated their rights under Ex Post Facto Clause "would not necessarily result in a shortening of their sentences. Thus, the district court in each case lacked jurisdiction to grant 28 U.S.C. § 2254 habeas relief. Nettles, 830 F.3d at 935-37.").

Petitioner is serving a term of life without the possibility of parole. (Doc. 1 at 1.) Success on Petitioner's claims will not lead to immediate or speedier release from custody and therefore falls outside the core of habeas corpus. As Respondent argues, Petitioner will never be released from prison and "granting [Petitioner] relief will not result in a change to his quantum of custody." (Doc. 10 at 2.) Petitioner alleges in opposition that, based on a change in California law, his life without possibility of parole sentence will be vacated and he will receive a determinate term. (Doc. 11 at 1-2.) However, Respondent contends in reply that there is no evidence that Petitioner has been resentenced. (Doc. 13 at 2.) Moreover, Respondent alleges, it is undisputed that when Petitioner filed his petition, he was serving a sentence that offered no possibility that he would ever be released from prison; thus, granting relief would not change Petitioner's quantum of custody. (Doc. 13 at 2-3.) Accordingly, if Petitioner were to prevail on his claims, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. Therefore, Petitioner's claims are not cognizable under federal habeas review.

In Nettles, the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. Nettles, 830 F.3d at 936. However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. Here, the Court

does not find recharacterization to be appropriate.  Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face.  Accordingly, the Court should not exercise its discretion to recharacterize the action.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 6, 2020**               **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE