UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NORMAN,<br><br>   Petitioner,<br><br> v.<br><br>JAMES ROBERTSON,<br><br>   Respondent. | No. 1:20-cv-00455-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 10, 14) |

  Petitioner Daniel Norman is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On December 5, 2018, the assigned magistrate judge issued findings and recommendations, recommending that: (1) respondent James Robertson's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases (Doc. No. 10) be granted; (2) the pending habeas corpus petition be dismissed; and (3) a certificate of appealability not issue. (Doc. No. 14.) Specifically, the magistrate judge found that the claim petitioner is asserting in his petition—that a prison disciplinary action violated his due process rights (Doc. No. 1 at 4)—was not cognizable on federal habeas review under the circumstances of this case

where the granting of the requested relief would not lead to petitioner's speedier release from custody. (*Id.* at 3.) The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within twenty-one (21) days of the date of service. (*Id.* at 4.) To date, petitioner has filed no objections to the findings and recommendations, and the time for doing so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the undersigned concludes that the findings and recommendation are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Here, petitioner has not made such a showing. Therefore, the court declines to issue a certificate of appealability.

For the reasons set forth above:

1. The findings and recommendations issued on August 7, 2020 (Doc. No. 14) are adopted in full;

2. Respondent's motion to dismiss (Doc. No. 10) is granted;

3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **September 24, 2020**

UNITED STATES DISTRICT JUDGE